**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MASOOD TABIBIAN, Individually and on behalf of all those similarly situated,** | § § § § | |
| *Plaintiff,* | § § | |
| **V.** | § § | **C.A. NO. 4:09-cv-2008** |
| **ADAM JEFFREY KATZ, P.A.; NATIONAL MANAGEMENT RECOVERY CORP.; AND ABSOLUTE RESOLUTIONS CORPORATION,** | § § § § § § | **(JURY DEMANDED)** |
| *Defendants.* | § § | |

## <u>PLAINTIFF'S SECOND AMENDED COMPLAINT</u>

TO THE HONORABLE MELINDA HARMON, U.S. DISTRICT JUDGE:

COMES NOW, MASOON TABIBIAN, Individually and on behalf of all those similarly situated (hereinafter referred to as "Mr. Tabibian" or the "Plaintiff"), Plaintiff in the above styled case, and makes this his Plaintiff's Second Amended Complaint against ADAM JEFFREY KATZ, P.A. ("Katz"), NATIONAL MANAGEMENT RECOVERY CORP. ("NMRC"), and ABSOLUTE RESOLUTIONS CORPORATION ("ARC")(Katz, NMRC, and ARC hereinafter collectively referred to as the "Defendants") and for cause of action would show as follows:

# I.

## PARTIES

1.  Plaintiff is an individual residing in Houston, Harris County, Texas.

2.  Defendant Adam Jeffrey Katz, P.A. is a Florida corporation doing business in the State of Texas who has answered and may be served by servings its attorney of record, James Corbett, Barker, Lyman, P.C., 1221 McKinney Street, Suite 3600, Houston, Texas 77010.

3.  Defendant National Management Recovery Corp. is a Florida corporation doing business in the State of Texas who has answered and may be served by servings its attorney of record, James Corbett, Barker, Lyman, P.C., 1221 McKinney Street, Suite 3600, Houston, Texas 77010.

4.  Defendant Absolute Resolutions Corporation is a California corporation doing business in the State of Texas who has answered and may be served by servings its attorney of record, James Corbett, Barker, Lyman, P.C., 1221 McKinney Street, Suite 3600, Houston, Texas 77010.

# II.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction under 28 U.S.C. § 1331 in that this civil action arises under the laws of the United States, in particular under the provisions of the federal "Fair Debt Collection Practices Act" codified at 15 U.S.C. §§ 1692,

*et seq.* ("FDCPA").  This Court has ancillary jurisdiction over the Plaintiff's state law claims under the Tex. Fin. Code, § 392.001, et seq, under 28 U.S.C. § 1367.

6.  This Court has venue under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas, Houston Division.

7.  This Court has personal jurisdiction over the Defendants, because they have established minimum contacts in the State of Texas.  Katz is engaged in collection actions in the State of Texas including telephone calls and collection letters to Texas residents to collect debts.  NMRC is authorized to do business in the State of Texas and engages in collection actions in the State of Texas including telephone calls and collection letters to Texas residents to collect debts.  ARC is a corporation doing business in Texas purchasing debt owed by consumers located within the State of Texas and collecting on those debts.  ARC hired NMRC and Katz to collect the Plaintiff's debt within the State of Texas.  The debt at issue and the collection calls regarding the debt at issue all arose from conduct in the State of Texas.  Thus, there is both general and specific jurisdiction over the Defendants.

### III.

### BACKGROUND FACTS

8. Approximately 3 – 4 years ago, the Plaintiff signed a guaranty agreement guarantying a promissory note executed by one of his employees to Compass Bank, NA.  The promissory note to Compass Bank, NA was for the purchase of the employee's personal automobile.  The employee defaulted on the note, and Compass Bank, NA repossessed the car.  There was a remaining deficiency balance due on the promissory note in the amount of approximately $6,000.00.  The Plaintiff did not realize that the employee had defaulted on the note or that there was a deficiency balance due.

9.  Compass Bank, NA sold the delinquent consumer debt to ARC, who in turn assigned the purchased account to NMRC and Katz for collection.

10.  Katz is a collection agency located in Florida that represents itself as a law firm and represents that it performs legal services.  In fact, Katz does not perform legal services and is merely a collection agency business that happens to be owned and operated by an attorney, Adam Jeffrey Katz, who is licensed in the State of Florida.  Katz's collection operations are intertwined with the collection operation of NMRC, which is also a collection agency based in the State of Florida.

4

11. NMRC is operated by Jill Katz. NMRC uses advanced telephone call center collection techniques along with mass generated collection letter technology to collect consumer accounts from consumers located throughout the United States. Using these same techniques, NMRC collects under Katz's name throughout the United States. Katz lends its business name to NMRC for its use in sending collection letters that appear to be coming from a law firm. Although Katz represents that it has separate and independent collection employees, in fact it uses the collection employees of NMRC.

12. In the first week of June of 2009, NMRC/Katz's representative, Derek Saunders, called the Plaintiff and told him that Katz was representing ARC for Compass Bank. Mr. Saunders told the Plaintiff that they had sold the car at an auction and that there was still a balance of approximately $6,000.00 due. Mr. Saunders told the Plaintiff that there was a warrant for the Plaintiff's arrest out and that to clear his name; the Plaintiff would have to pay his share of the $6,000.00, which amount to $3,850.00. Mr. Saunders told the Plaintiff that this was a settlement offer he was offering to the Plaintiff, but that it was the only settlement offer and was a one time offer.

13. On June 5, 2009, NMRC/Katz sent a letter to the Plaintiff making a "One-Time Offer Only" for settlement. The letter represented that if the payment were missed or if the check were returned by the bank for any reason,

the settlement would be null and void and that the Plaintiff would be "responsible for the entire balance plus any outstanding penalties subject to federal law for a bad check and/or fees."  This letter was a mass, computer generated letter that was identical to letters sent to other consumers across the United States during the time period from June 26, 2008, to the present.

14.  Katz did not have a bond in the amount of $10,000.00 and maintain that bond on file with the Texas Secretary of State at the time he was collecting in the State of Texas from the Plaintiff and others similarly situated, specifically during the period from June 26, 2007, to the present.

## IV.

## CLASS ACTION CLAIMS

### A. FDCPA Class Claims

15. The Plaintiff and class members are consumers as defined by 15 U.S.C. § 1692a(3).   NMRC and Katz are debt collectors as defined by 15 U.S.C. § 1692a(6).

16. NMRC and Katz used falsely representations or deceptive means to collect or attempt to collect a debt.   In particular, NMRC and Katz falsely represented to the Plaintiff and all class members that the settlement offer made in the collection letter was a "One-Time Offer Only" when in fact the offer could be made at any time that they had the account for collection.  This conduct constitutes

a violation of 15 U.S.C. § 1692e(10).

17. As a result of NMRC's and Katz's violations, the Plaintiff and the class members are entitled to an award of actual damages plus statutory damages in an amount not to exceed the lesser of $500,000.00 or one (1%) percent of the NMRC's and Katz's net worth, pursuant to 15 U.S.C. § 1692k(a), for which they now sue.

18. The Plaintiff and class members would further show this Court that recovery of the costs of this action, including reasonable attorney's fees, are authorized, made, and provided for under and according to the provisions of 15 U.S.C. § 1692k(a)(3), and the Plaintiff and class members seek them in this action.

19. The Plaintiff brings this claim individually and on behalf of all persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The Plaintiff seeks to represent the following classes of persons:

> All persons: (i) residing in the United States (ii) who received any communication from NMRC/Katz (iii) representing that a settlement offer on behalf of Absolute Resolutions Corporation was a "One-Time Offer Only" (iv) in connection with an attempt to collect a consumer debt from such person (iv) during the time period from June 26, 2008, through the date of the certification of a class.

20.  The class is so numerous that joinder of all members is impracticable.

21.  There is a common question of law and fact affecting the rights of class members who suffered damage due to NMRC's and Katz's conduct.  The common

question of law is whether NMRC and Katz used false representations or deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10) by representing in a letter that a settlement offer was a "One-Time Offer Only" when in fact it was not.

22. This common question of law arises from the conduct in connection with uniform collection communications. This also constitutes a common question of fact.

23. The Plaintiff's claims are typical of the claims of class members, and NMRC's and Katz's defenses to the claims of the Plaintiff are expected to be typical of the defenses to the claims of other class members. Indeed, the Plaintiff's claims have the same essential characteristics as the claims of the class as a whole and are expected to be based upon identical legal theories. The class members have suffered the same injury and possess the same interests as the Plaintiff. In particular, all class members have been the subject of collection communications by NMRC and Katz representing that a settlement offer made on behalf of Absolute Resolutions Corporation was a one-time offer only, when in fact it was not.

24. The Plaintiff as a representative party will fairly and adequately protect the interests of the class. The Plaintiff has retained qualified, experienced, and able counsel to represent the class, has no conflicts of interest with the class, and brings

this suit specifically for the protection of the class members who have been the victim of NMRC's and Katz's unlawful practices, and not solely to recover his own personal damages.

25. NMRC's and Katz's conduct with respect to the Plaintiff is and has been generally applicable to the class, thereby making relief and damages with respect to the class as a whole.

26. The prosecution of separate suits by individual members of the class would create a risk of inconsistent and varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the party opposing the class.  To avoid this result, this suit should be maintained as a class action.

27. The prosecution of separate suits by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. To avoid this result, this suit should be maintained as a class action.

28. The Plaintiff believes this Court will find that the question of law or fact common to the members of the class predominates over any questions affecting only individual members, and that a class action is superior to other available

methods for the fair and efficient adjudication of the controversy. Thus, this suit should be maintained as a class action.

## B. Texas Collection Practices Act Class Claims

29. The Plaintiff and class members are consumers as that term is defined by Tex. Fin. Code, § 392.001(1).  Katz is a debt collector as that term is defined by Tex. Fin. Code, § 392.001(6).

30.  Katz violated Tex. Fin. Code, § 392.101 by engaging in debt collection in the State of Texas without obtaining a surety bond in the amount of $10,000.00 issued by a surety company authorized to do business in the State of Texas in favor of anyone who is damaged by a violation of Chapter 392 of the Texas Finance Code and in favor of the State of Texas for the benefit of anyone who is damaged by a violation of Chapter 392 of the Texas Finance Code, and failing to file such bond with the Secretary of State for the State of Texas.

31. The Plaintiff seeks not less than $100.00 for himself and each class member for each violation of Chapter 392 of the Texas Finance Code, pursuant to Tex. Fin. Code, § 392.403(e).

32. The Plaintiff seeks injunctive relief pursuant to Tex. Fin. Code, § 392.403(a)(1) against Katz to prevent or retrain it from continuing in the future to send collection letters without having a surety bond in the amount of $10,000.00 on file with the Texas Secretary of State.  The Plaintiff still seeks this relief even if

10

Katz voluntarily files a surety bond after being served with this complaint, as there is no guaranty that it will maintain that bond on file in the future.  Given Katz's history of noncompliance with this requirement, there is a substantial risk of an ongoing and recurring violation which this Court has the power to remedy by injunctive relief.  Further, neither injunctive relief nor voluntary compliance by Katz in the future negates statutory damages for past violations under Tex. Fin. Code, § 392.403(e) to the Plaintiff and class members.

33. The Plaintiff has been forced to hire the attorneys whose names appear below to pursue those claims on his behalf.  The Plaintiff and class members seek an award of their costs of this action, including but not limited to reasonable attorneys' fees pursuant to Tex. Fin. Code, § 392.403(b).

34. The Plaintiff brings this claim individually and on behalf of all persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The Plaintiff seeks to represent the following classes of persons:

> All persons: (i) residing in the State of Texas (ii) who received any communication, written or oral, from Katz (iii) in connection with an attempt to collect a consumer debt from such person (iv) during the time period from June 26, 2007, through the date of the certification of a class.

35.  The class is so numerous that joinder of all members is impracticable.

36. There is a common question of law and fact affecting the rights of class

members who suffered damage due to Katz's conduct.  The common question of law is whether Katz conducted consumer collection action in the State of Texas without obtaining and filing with the Texas Secretary of State a surety bond in the amount of $10,000.00.

37. This common question of law arises from the conduct in connection with uniform collection communications.  This also constitutes a common question of fact.

38. The Plaintiff's claims are typical of the claims of class members, and Katz's defenses to the claims of the Plaintiff are expected to be typical of the defenses to the claims of other class members.  Indeed, the Plaintiff's claims have the same essential characteristics as the claims of the class as a whole and are expected to be based upon identical legal theories.  The class members have suffered the same injury and possess the same interests as the Plaintiff.  In particular, all class members have been the subject of collection communications by Katz when Katz had not obtained a $10,000.00 surety bond and filed it with the Texas Secretary of State.

39. The Plaintiff as a representative party will fairly and adequately protect the interests of the class.  The Plaintiff has retained qualified, experienced, and able counsel to represent the class, has no conflicts of interest with the class, and brings this suit specifically for the protection of the class members who have been

the victim of Katz's unlawful practices, and not solely to recover his own personal damages.

40. Katz's conduct with respect to the Plaintiff is and has been generally applicable to the class, thereby making relief and damages with respect to the class as a whole.

41. The prosecution of separate suits by individual members of the class would create a risk of inconsistent and varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the party opposing the class.  To avoid this result, this suit should be maintained as a class action.

42. The prosecution of separate suits by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  To avoid this result, this suit should be maintained as a class action.

43. The Plaintiff believes this Court will find that the question of law or fact common to the members of the class predominates over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Thus, this suit

13

should be maintained as a class action.

## V.

## INDIVIDUAL CLAIMS

### A. Apparent and Actual Agency/Ratification

44. The joint and several liabilities and/or the availability of remedies to the Plaintiff from each of the Defendants are established by the following.

45. ARC authorized NMRC/Katz to act as its agents or alternatively allowed NMRC/Katz to hold themselves out as its agents.  At all times, all of NMRC/Katz's communications with Plaintiff are imputed to ARC, as they made these communications as the agent of ARC.

46. ARC ratified the acts of NMRC/Katz, in that ARC gave NMRC/Katz's acts: (1) approval by act, word, or conduct; (2) with full knowledge of the facts of the earlier act; and (3) with the intention of giving validity to the earlier act.

### B. Individual FDCPA Claims Against NMRC and Katz

47. The Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3).  NMRC and Katz are debt collectors as defined by 15 U.S.C. § 1692a(6).

48.  NMRC and Katz made false representations of the character of the debt in violation of 15 U.S.C. § 1692e(2)(A).  Specifically, NMRC and Katz represented that the debt was a criminal matter subject to criminal prosecution and that a warrant had been issued for the Plaintiff's arrest.

14

49. NMRC and Katz made false representations of its services rendered for the collection of the debt in violation of 15 U.S.C. § 1692e(2)(B).  Specifically, NMRC and Katz represented themselves as engaged in legal services, including but not limited to services such as investigating and prosecuting criminal charges for their clients.

50. NMRC and Katz made false representations or implications that their communications with the Plaintiff were communications from an attorney in violation of 15 U.S.C. § 1692e(3).

51. NMRC and Katz represented that nonpayment of the debt would result in the arrest or imprisonment of the Plaintiff in violation of 15 U.S.C. § 1692e(4). In particular, NMRC and Katz stated that there was an arrest warrant out on the Plaintiff which could only be cleared by paying the debt.

52. NMRC and Katz threatened action against the Plaintiff that could not legally be taken by NMRC and Katz and was not intended to be taken by NMRC and Katz in violation of 15 U.S.C. § 1692e(5).  In particular, NMRC's and Katz's threats of criminal action were false, not intended, and impossible.

53. NMRC and Katz falsely represented that the Plaintiff committed a crime in order to disgrace the Plaintiff in violation of 15 U.S.C. § 1692e(7).

54. NMRC and Katz used falsely representations or deceptive means to

collect or attempt to collect a debt.   In particular, NMRC and Katz falsely represented to the Plaintiff that there was an arrest warrant out on the Plaintiff which could only be cleared by paying the debt.   This conduct constitutes a violation of 15 U.S.C. § 1692e(10).

55. NMRC and Katz used a business, company, or organization name other than the true name of their business, company, or organization in violation of 15 U.S.C. § 1692e(14).

56. NMRC's and Katz's conduct described above were the direct cause of actual damages to the Plaintiff, which he now seeks.

57. As a result of NMRC's and Katz's violations, the Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a), which he now seeks.

58. The Plaintiff would further show this Court that recovery of the costs of this action, including reasonable attorney's fees, are authorized, made, and provided for under and according to the provisions of 15 U.S.C. § 1692k(a)(3), and the Plaintiff seeks them in this action.

## C. Individual Texas Finance Code Claims Against all Defendants

59. The Defendants' conduct constitutes violations of the Texas Collection Practices Act, codified in the Texas Finance Code. The Plaintiff is a consumer as that term is defined by Tex. Fin. Code, § 392.001(1). The Defendants are debt collectors as that term is defined by Tex. Fin. Code, § 392.001(6).

60. The Defendants' actions and conduct constitute violations of Chapter 392 of the Texas Finance Code, as follows:

(a) Accusing falsely or threatening to accuse falsely a person of a crime in violation of Tex. Fin. Code, § 392.301(2).

(b) Threatening that the Plaintiff will be arrested for nonpayment of a consumer debt without proper court proceedings in violation of Tex. Fin. Code, § 392.301(5).

(c) Threatening to take an action prohibited by law in violation of Tex. Fin. Code, § 392.301(a)(8). In particular, Defendants told the Plaintiff there was an arrest warrant out on the Plaintiff which could only be cleared by paying the debt.

(d) Using a name other than the true business or professional name or the true personal or legal name of the debt collector while engaged in debt collection in violation of Tex. Fin. Code, § 392.304(a)(1)(A).

(e) Failing to disclose clearly in oral communications with the Plaintiff the name of the person to whom the debt has been assigned or is owed when making a demand for money in violation of Tex. Fin. Code, § 392.304(a)(4).

(f) Misrepresenting the character, extent, or amount of the Plaintiff's consumer debt, or misrepresenting the Plaintiff's consumer debt's status in a judicial or governmental proceeding in violation of Tex. Fin. Code, § 392.304(a)(8).

(g) Representing falsely the status or nature of the services rendered by the debt collector or the debt collector's business in violation of Tex. Fin. Code, § 392.304(a)(14).

(h) Using a communication that purports to be from an attorney or law firm when in fact it is not in violation of Tex. Fin. Code, § 392.304(a)(16).

(i) Representing that a consumer debt is being collected by an attorney when in fact it is not in violation of Tex. Fin. Code, § 392.304(a)(17).

(j) Using any false representation or deceptive act in connection with the collection of a debt in violation of Tex. Fin. Code, § 392.304(a)(19).

61. ARC also violated Tex. Fin. Code, § 392.306 by using NMRC and Katz, independent debt collectors, with actual knowledge that NMRC and Katz repeatedly or continuously engaged in acts or practices that are prohibited by the Texas Collection Practices Act.

62. As a direct and proximate result of the acts of the Defendants, the Plaintiff has suffered actual damages, which he now seeks.

63. The Plaintiff seeks injunctive relief pursuant to Tex. Fin. Code, § 392.403(a)(1) against NMRC to prevent or retrain it from continuing to send collection letters purporting to be from Katz.

64. The Plaintiff has been forced to hire the attorneys whose names appear below to pursue those claims on his behalf. The Plaintiff seeks an award of his costs of this action, including but not limited to reasonable attorneys' fees pursuant to Tex. Fin. Code, § 392.403(b).

## D. Individual Violations of the Texas DTPA

65. Under Tex. Fin. Code, § 392.404(a), a violation of Chapter 392 of the Texas Finance Code is a deceptive trade practice under Subchapter E, Chapter 17, Texas Business & Commerce Code, and is actionable under that subchapter. UACC committed violations of Chapter 392 of the Texas Finance Code, and thus committed violations of the Texas Deceptive Trade Practices Act, Tex. Bus. & Comm. Code, § 17.50.

66. The Defendants' conduct was the direct cause of damages to the Plaintiff, which he now seeks.

67. The Defendants' conduct was committed knowingly and intentionally, and the court should award additional damages pursuant to Tex. Bus. & Comm. Code, § 17.50(b)(1) and (h).

68. The Plaintiff has been forced to hire the attorneys whose names appear below to pursue those claims on his behalf.  The Plaintiff seeks an award of his costs of this action, including but not limited to court costs and reasonable and necessary attorneys' fees pursuant to Tex. Bus. & Comm. Code, § 17.50(d).

# VI.

## Jury Demand

69. The Plaintiff requests a trial by jury on all issues.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, MASOOD TABIBIAN, Individually and on behalf of all those similarly situated, prays that Defendants, ADAM JEFFREY KATZ, P.A., NATIONAL MANAGEMENT RECOVERY CORP., and ACCOUNT RESOLUTIONS CORPORATION, be cited to appear and answer, and that upon final trial of this matter, that judgment be entered as follows:

1.     Actual damages against all Defendants, jointly and severally.

2.     Additional and exemplary damages against all Defendants, jointly and severally.

3.     Statutory damages against Defendant Adam Jeffrey Katz of not less than $100.00 per violation by that defendant of Chapter 392 of the Texas Finance Code.

4.     Injunctive relief against Adam Jeffrey Katz, P.A. to prevent him from conducting communications with consumers in the State of Texas in connection with collection of a consumer debt without having obtained and filed with the Texas Secretary of State a surety bond in the amount of $10,000.00, pursuant to Tex. Fin. Code, § 392.101.

5.     Injunctive relief against Defendant National Management Recovery Corp. to prevent or restrain it from continuing to send collection letters purporting to be from Adam Jeffrey Katz, P.A. or any other attorney in violation of Tex. Fin. Code, § 392.304(a)(1)(A), (14), (16), and (17).

6.     Statutory damages against Defendants National Management

20

Recovery Corp. and Adam Jeffrey Katz, P.A., jointly and severally, under 15 U.S.C. § 1692k not to exceed $1,000.00.

7.    Costs of the action, including but not limited to reasonable attorney's fees and expenses, against Defendants National Management Recovery Corp. and Adam Jeffrey Katz, P.A., jointly and severally, pursuant to 15 U.S.C. § 1692k.

8.    Costs of the action, including but not limited to reasonable attorney's fees and expenses, against all Defendants, jointly and severally, pursuant to Tex. Fin. Code, § 392.403(b), and Tex. Bus. & Comm. Code, § 17.50(d).

9.    Prejudgment and postjudgment interest at the maximum rate allowed by law against all Defendants, jointly and severally.

10.   Costs of court against all Defendants, jointly and severally.

11.   Such other and further relief, at law or in equity, to which the Plaintiff and/or class members may be justly entitled.

Respectfully submitted,

**WAUSON ♦ PROBUS**

By:___/s/ Matthew B. Probus___
     **Matthew B. Probus**
     TBA# 16341200

One Sugar Creek Center Blvd., Suite 880
Sugar Land, Texas 77478
(281) 242-0303 telephone
(281) 242-0306 facsimile

*ATTORNEYS FOR PLAINTIFF,*
*MASOOD TABIBIAN, Individually and*
*on behalf of all those similarly situated*

21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been forwarded by the means indicated below on this the 2nd day of September, 2009.

> James M. Corbett
> Tim Nebel
> Via Facsimile at (713) 652-2419
> Via Email at Tnebel@lymanlaw.com
> Via Email at Jcorbett@lymanlaw.com

> _____/s/ Matthew B. Probus_____
> Matthew B. Probus